SANDS and others *vs.* BULLOCK, impleaded with Fisk.

Where a suit was commenced by the filing and service of a declaration against the *maker* and *endorser* of a promissory note, and the declaration was served upon the *endorser* alone, who appeared in due time and put in a plea of the general issue, entitling it however as though he had been sued alone, not saying *impleaded with, &c.*, and the plaintiff's attorney, with knowledge that it was intended as a plea in the cause, after retaining the plea seven days, treated it as a nullity, and entered the defendant's default: *it was held,* that the default was irregular, it being the duty of the plaintiff's attorney to return the plea, or apprise the defendant that it was not regarded as sufficient.

Here again costs refused, because papers for motion stuffed with unnecessary matter.

MOTION by defendant to set aside default and subsequent proceedings. The plaintiffs commenced a suit by the filing and service of a declaration, against *Fisk* as the maker, and *Bullock* as the endorser of a promissory note, but the declaration was only served on *Bullock.* He appeared in due time and put in a plea of the general issue, which was entitled and pleaded in the same form as though he had been sued alone, without saying *impleaded with, &c.* The plaintiffs' attorney knew that it was intended as a plea in this cause ; but seven days afterwards he treated the plea as a nullity, entered the default of Bullock, and perfected judgment, and issued execution against him. Both attorneys resided in the city of New-York, the plea was not returned to the defendant's attorney, nor was he informed that it was not deemed sufficient.

*D. Burwell,* for the motion.

*P. Cagger,* contra.

*By the Court.* BRONSON, J. Although the plea was informal, it was not a nullity. *Dale* v. *Beer,* 7 *East.* 335. It should have been returned, or the defendant's attorney should have been informed that it was not regarded as sufficient.

Corlies v. Holmes.

I shall give no costs of the motion, because the defendant's papers are stuffed with unneccessary matter. Both parties must have expected to get costs, for the papers on each side contain copies of the pleadings at large, which were wholly unnecessary. In such cases we give no costs.

Motion granted.